UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FYKE TRADING USA, INC.,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　07-CV-581S

NEW ENGLAND MOTOR FREIGHT,

        Defendant.

## I. INTRODUCTION

On August 28, 2007, Plaintiff, Fyke Trading USA, Inc., filed a Complaint in New York State Supreme Court alleging a breach of contract and negligence claims against Defendant, New England Motor Freight Company. Defendant removed the action to this Court on September 6, 2007.

Presently, before this Court is Defendant's Motion to Dismiss Plaintiff's negligence claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 2) and Plaintiff's Motion to Remand for lack of diversity jurisdiction pursuant to 28 U.S.C. §1332 (Docket No. 13).

For the reasons discussed below, Defendant's motion to dismiss the negligence claim is granted and Plaintiff's Motion to Remand is denied.

## II. BACKGROUND

**A.　Facts**

Plaintiff, Fyke Trading USA, Inc. is a company that arranges for the shipment and transportation of goods for its customers. (Compl., Docket No. 1, ¶ 2). Fyke is incorporated

in and licensed by the state of New York. (Compl., ¶ 1). Defendant, New England Motor Freight Company is a federally licensed motor carrier operating a truck terminal in Tonawanda, New York. (Def.'s Answer, Docket No. 1, ¶ 2). Plaintiff contracted with Defendant for the interstate shipment of Plaintiff's goods–four printing units–from Buffalo, New York, to Norwood, New Jersey. (Def.'s Answer, ¶ 9). The shipment was governed by the terms of a valid Bill of Lading, which set forth and incorporated the terms of transportation. (Def.'s Answer, ¶ 5). During transportation of the items, Plaintiff alleges that Defendant breached the contract and that its goods were damaged due to Defendant's negligence. Plaintiff seeks to recover $16,000[1] plus costs, disbursements, and counsel fees. (Compl., ¶ 16).

**B.     Procedural History**

Plaintiff commenced this action by filing a Complaint in the Supreme Court for the State of New York, Erie County on July 27, 2007. On August 29, 2007, Defendant served an Answer and Notice of Removal on Plaintiff. On September 6, 2007, the case was removed to this Court pursuant to 28 U.S.C. §1337, 28 U.S.C. §1441, 28 U.S.C. §1445, and 49 U.S.C. §14706. On October 9, 2007, Defendant filed a Motion to Dismiss Plaintiff's second cause of action for negligence. In response, Plaintiff filed a Cross-Motion for Summary Judgment on its contract claim, which this Court denied on November 2, 2007, without prejudice, for failure to comply with Rule 56.1 of the Local Rules of Civil Procedure for the Western District of New York (Docket No. 9). On November 16, 2007, Plaintiff filed a Motion to Remand to State Court for lack of diversity jurisdiction, 28 U.S.C. §1332. (Docket No. 13).

---

[1]$16,000 is the amount the items were insured for under the Straight Bill of Lading Shortform (Exhibit A, Docket No. 1). Plaintiff originally claimed $64,000. (Aff. in Opp'n to Def.'s Mot. to Dismiss, Exhibit, Docket No. 12).

## III. DISCUSSION AND ANALYSIS

### A. Defendant's Motion to Dismiss

#### 1. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d. Cir. 2007); Goldstein v. Pataki, 2008 WL 269100 at *4 (2d Cir. Feb 1, 2008). Although the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief." Bell Atl. Corp. v. Twombly,__U.S.__,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). A motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984).

#### 2. Plaintiff's Negligence Claim

Plaintiff argues that Defendant was negligent in shipping Plaintiff's goods and as a result, Plaintiff's items were damaged. Plaintiff alleges that, "[t]he goods were properly secured when they left Fyke's warehouse but in transit defendant N.E.M.F. and its drivers and or its agents removed the security devices and how the items were packaged [sic]. (Compl., ¶ 13). As a result, these items were later damaged while in N.E.M.F.'s exclusive custody and control. (Compl., ¶ 14). N.E.M.F.'s and/or it's agent's and employee's actions were negligent resulting in the damage at issue without any negligence by Plaintiff Fyke." [sic] (Compl., ¶ 15).

3

### 3.     The Carmack Amendment & Federal Preemption

On February 4, 1887, Congress passed the Interstate Commerce Act. S. REP. NO. 104-176, at 2 (1995). The Act was originally created to oversee interstate railroad transportation and it did not address carrier liability for lost or damaged goods. Subsequent to adoption, the Act went through a series of amendments. One of those amendments was the Carmack Amendment, which addressed carrier liability. Act of June 29, 1906, ch. 3591, §7, 34 Stat. 584 (1906). After a series of adjustments to the Carmack Amendment, the current version states in relevant part:

> "A carrier providing transportation or service subject to jurisdiction under subchapter I or III of Chapter 135 shall issue a receipt or a bill of lading for property it receives for transportation.... That carrier ... [is] liable to the person entitled to recover under the receipt or bill of lading. *The liability imposed under this paragraph is for the actual loss or injury to the property.*"

49 U.S.C. §14706(a)(1) (Emphasis added).

The purpose of the Carmack Amendment, as stated by the United States Supreme Court, is to preempt all state causes of action and create a uniform system of liability for common carriers engaged in interstate transportation. The Court explained that:

> "[t]hat the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."

Adams Express Co. v. Croninger, 226 U.S. 491, 505-506, 33 S.Ct. 148, 152 (1913).

This doctrine of preemption has been repeatedly followed by the Circuit Courts,

including the Second Circuit. See, e.g., Rini v. United Van Lines, Inc., 104 F.3d 502, 506 (C.A.1, 1997) ("*all* state laws that impose liability on carriers based on the loss or damage of shipped goods are preempted."); Cleveland v. Beltman N. Am. Co., Inc., 30 F.3d 373, 380-381 (2d. Cir., 1994) (noting that when the Carmack Amendment applies, it provides the exclusive remedy for a shipper to recover from a carrier for freight loss or damage incurred during shipment); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 706-707 (C.A.4, 1993); (holding that the Carmack Amendment preempts state claims for damage to property incurred during the course of delivery); W.D. Lawson & Co. v. Penn Cent. Co., 456 F.2d 419, 421 (C.A.6, 1972) (holding that state claims for damage to goods occurring during shipment are preempted by the Carmack Amendment); Fulton v. Chicago, Rock Island & P.R. Co., 481 F.2d 326, 331-332 (C.A.8, 1973) (holding that the Carmack Amendment preempts negligence claims against common carriers for damage to goods occurring during transport); Hughes Aircraft Co., v. N. Am. Van Lines, Inc., 970 F.2d 609, 613 (C.A.9, 1992) (holding that plaintiffs could not assert a state law negligence claim for damaged goods when the driver of a moving van fell asleep on the road); Underwriters at Lloyds of London v. N. Am. Van Lines, 890 F.2d 1112, 1121 (C.A.10, 1989) (holding that the Carmack Amendment preempts state claims for property destroyed or damaged during the course of delivery under a bill of lading); Am. Rock Salt Co., LLC v. Norfolk Southern Corp., 387 F.Supp. 2d 197, 202 (W.D.N.Y. 2005) ("To say, as many cases have, that the Carmack Amendment is the 'sole' or 'exclusive' remedy for freight loss or damage claims means just that. No other remedies, under state or federal law, exist for such claims."); Travelers Indem. Co. of Illinois v. Schneider Specialized Carriers, Inc., 2005 WL 351106 (S.D.N.Y. 2005) (granting defendant's motion to dismiss


plaintiff's claim of negligence pursuant to Federal Rule of Civil Procedure 12(b)(6) because negligence claim preempted by Carmack Amendment).

### 4. The Savings Clause

The Carmack Amendment contains what is commonly referred to as a savings clause. This clause states, "[e]xcept as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." 49 U.S.C. § 13103. However, this provision rarely "saves" claims for two main reasons. First, the savings clause preserves only potential claims that may exist under *federal* rather than *state* law. Adams Express, 226 U.S. at 507-508 ("To construe this proviso as preserving ... any right or remedy ... under existing *Federal* law ... gives to it a more rational interpretation than one which would preserve rights and remedies under existing *state* laws, for the latter view would cause the proviso to destroy the act itself.") Second, the comprehensiveness of the Interstate Commerce Act precludes any federal common law claims. Cleveland 30 F.3d at 380 (2d. Cir., 1994) quoting Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 318, 101 S.Ct. 1124, 1130 (1981) ("The Interstate Commerce Act is among the most pervasive and comprehensive of federal regulatory schemes.") Courts should not use federal common law to supplement comprehensive legislation. Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085 (1985); see also, Am. Rock Salt, 387 F.Supp.2d at 202 (W.D.N.Y. 2005) ("federal common law remedies are preempted by Carmack Amendment").

### 5. Analysis

The Carmack Amendment applies to the facts of this case. Section 14706(a)(1), of

title 49, United States Code, notes that the Carmack Amendment governs motor carrier liability if the elements of "chapter 135" are satisfied. Chapter 135, better known as 49 U.S.C. §13501 (General Jurisdiction), states in relevant part:

> The Secretary and the Board have jurisdiction, as specified in this part, over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier--
> **(1)** between a place in--
>     **(A)** a State and a place in another State;

49 U.S.C. §13501.

In this case, Plaintiff contracted with Defendant, a motor carrier, for the shipment of property between a place in the state of New York and a place in the state of New Jersey. Accordingly, the Carmack Amendment applies.

The savings clause does not preserve Plaintiff's negligence claim. Although Plaintiff neither fully addresses the Carmack Amendment nor the savings clause, Plaintiff does conclusorily note, "49 U.S.C., et seq. does not preclude a claim under *State* law [so] there is no basis for Defendant to seek dismissal of that cause of action." (Aff. in Opp'n to Def.'s Mot. to Dismiss, Docket No. 12, ¶ 8). However, as stated above, the savings clause does not save state law claims, only federal statutory claims. Adams Express, 226 U.S. at 507-508 (1913). Therefore, Plaintiff's state law claims *are* precluded. Accordingly, Plaintiff's negligence claim is legally infeasible and as a result, Defendant's Motion to Dismiss is granted.

**B.     Plaintiff's Motion to Remand**

    **1.     Legal Standard**

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. §1441. However, a district court must

7

remand a case to state court "[i]f at any time before final judgment it appears the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c) (2000). District courts have original jurisdiction over claims between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). District Courts also have original jurisdiction under 28 U.S.C. §1337(a), which states:

> "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of Title 49, only if the matter in controversy for each receipt of bill of lading exceeds $10,000, exclusive of interest and costs."

28 U.S.C. §1337(a).

**2.   Analysis**

Plaintiff's Motion to Remand is based upon a failure to satisfy the requirements of 28 U.S.C. §1332. (Pl.'s Cross Mot. To Remand, Docket No. 13); *see also* (Pl.'s Mem. in Opp'n to Def.'s Mot. for Partial Summ. J., Docket No. 12).[2] In order for a district court to have jurisdiction under section 1332, the parties must be citizens of different states and the amount in controversy must exceed $75,000. Although section 1332 is not satisfied in this case because the amount in controversy is $16,000 and both parties are New York citizens, section 1332 is not the basis for removal. This action was removed pursuant to, among others, 28 U.S.C. §1337(a) (Notice of Removal, Docket No. 1).

Section 1337(a), as noted above, provides that a district court has original jurisdiction

---

[2] Plaintiff states, "Plaintiff's Motion to Remand...under 28 U.S.C. §1332...". Plaintiff further states, "[t]he Motion to Remand is based on dual jurisdiction, the lack of a sufficient amount in controversy and presumably a lack of diversity."

8

when an action is brought under section 14706 *and* the matter in controversy exceeds $10,000 under the bill of lading. In this case, Plaintiff's action falls under section 14706 for the reasons mentioned above and the bill of lading exceeded $10,000. Since section 14706 applies to this action, section 1337(a) is a proper basis for this Court's continued jurisdiction. Therefore, Plaintiff's Motion to Remand is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's negligence claim is granted. Additionally, this Court finds that Plaintiff's Motion to Remand for failure to satisfy 28 U.S.C. §1332 is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss Plaintiff's second cause of action for failure to state a claim (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff's Motion to Remand (Docket No. 13) is DENIED.


Dated:     September 26, 2008
           Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge

9